E.D.N.Y. - Bklyn
04-cv-875
Matsumoto, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

Present:

Richard C. Wesley,
Debra Ann Livingston,
Gerard E. Lynch,
*Circuit Judges.*

---

Sandra C. Barkley, AKA Sandra C. Barklay,

*Plaintiff - Counter Defendant - Cross Defendant - Appellee,*

Scarola Malone & Zubatov LLP,

*Appellee,*

v.

12-2909 (L);
12-2912 (Con);
12-3619 (Con);
12-3621 (Con)

Olympia Mortgage Company,

*Defendant - Counter Claimant - Cross Defendant,*

Thomas Messina, *et al.*,

*Defendants - Cross Defendants - Cross Claimants,*

Alliance Mortgage Corporation, DBA Everyhome Mortgage Company, *et al.*,

*Defendants - Cross Defendants,*

Michael Masciale, *et al.*,

*Defendants,*

United Property Group, LLC, *et al.*,

*Defendants - Cross Defendants - Cross Claimants - Appellants.*

---

Appellee Scarola Malone & Zubatov LLP ("SMZ") moves for leave to be granted to the United States District Court for the Eastern District of New York to consider a motion, pursuant to Federal Rule of Civil Procedure 60(b), to amend an August 2012 judgment of the district court. As a preliminary matter, we grant the request of the Plaintiff-Appellee to file her opposition to the motion beyond the applicable deadline.

Upon due consideration, it is hereby ORDERED that the motion is DENIED because this court will not remand to the district court for the purpose of ruling on a Rule 60(b) motion unless the district court has first indicated that it would grant the motion. *See Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir.1962) ("[T]he district court is first to determine whether it would grant the motion; if it decides in favor of it, *then and then only is the necessary remand by the court of appeals to be sought*." (emphasis added)); *see also Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]he district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court.") (emphasis omitted).

The procedure described in *Toliver* and *Ryan* is mandated by Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, which make clear that, after an appeal has been filed and is pending, the district court retains jurisdiction to deny a motion for relief from the judgment, but lacks jurisdiction to grant that same motion unless this Court first exercises its discretion to remand the case. In the present case, the district court has not indicated that it intends to grant any future Rule 60(b) motion to be filed by SMZ, and it is without jurisdiction to do so until such time as SMZ complies with the procedures prescribed by Rules 62.1 and 12.1, and this Court's precedent. *Cf. Ryan*, 303 F.3d at 434 ("[T]he docketing of an appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe